IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Firas M. Ayoubi (R-66956), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19 C 0623 |
| v. | ) | |
| | ) | Judge Thomas M. Durkin |
| Peter E. Garbis, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

    The action is summarily dismissed due to Plaintiff's failure to advise the Court that at least three of his previous cases have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted and because the improper removal of a dismissed state court case constitutes malicious and frivolous litigation. Having brought this action to this Court, Plaintiff remains obligated to pay the full filing fee of $400. The Clerk is directed to send a copy of this order to Plaintiff and the trust fund officer at Dixon Correctional Center so that the filing fee obligation for this case may be collected in the manner set forth in the Statement below. Any pending motions are denied as moot, and the Clerk is directed to enter final judgment. This case is terminated.

**STATEMENT**

    Plaintiff Firas M. Ayoubi, a Dixon Correctional Center inmate proceeding *pro se*, initiated this suit in state court against his previous attorney, Cook County Judge Jeffrey L. Warnick, and Associate State's Attorneys Jaclyn Lantz and Sharon Kanter. On January 10, 2019, the state court grated the Defendants' motion to dismiss and dismissed Plaintiff's complaint with prejudice. (Dkt. 1, pg. 45.) Following the state court's dismissal, Plaintiff removed the action to this Court pursuant to 28 U.S.C. 1441.

    Plaintiff removed this matter but failed to pay the required filing fee. Plaintiff has "struck out" for purposes of 28 U.S.C. § 1915(g) and has been informed of such. *Ayoubi v. Cook County Sheriffs Office*, Case No. 14 C 5179 (dismissal order of 9/2/14). A prisoner who has accumulated three dismissals under 28 U.S.C. § 1915(g) may not file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Additionally, "[a] litigant who knows that he has accumulated three or more frivolous suits or appeals must alert the court to that fact." *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (citing *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999)). Failure to do so is a fraud on the Court that must "lead to immediate termination of the suit." *Sloan*, 181 F.3d at 858-59; *see also Ammons*, 547 F.3d at 725.

Plaintiff has been advised that he has struck out, that he cannot bring a federal lawsuit without paying the filing fee unless he is in imminent danger of serious physical injury, and that he must notify the court that he has struck out. *Ayoubi v. Cook County Sheriffs Office*, Case No. 14 C 5179 (dismissal order of 9/2/14). The Court again advises Plaintiff that a litigant's failure to inform the Court that he has received at least three dismissals under § 1915(g) is considered a fraud upon the court which warrants "immediate termination of the suit." *Sloan*, 181 F.3d at 859. Accordingly, the matter is dismissed for failure to inform the Court of his three-strike status.

Plaintiff remains obligated to pay the full filing fee of $400. *See Sloan*, 181 F.3d at 859; 28 U.S.C. §1915(b)(1); *see also Ammons*, 547 F.3d at 725 ("Plaintiffs who attempt to deceive federal judges, and evade their obligation to pay all required fees and costs, cannot expect favorable treatment.") (citation omitted); *Palmer v. Dollar Tree*, No. 10 C 7340, 2012 WL 4795720, at *4 (N.D. Ill. Oct. 9, 2012) (collecting cases and stating that "making a nontrivial false statement to the Court is an abuse of the judicial process"). The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $400 filing fee has been paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. This payment obligation will follow Plaintiff wherever he may be transferred. Before pursuing any future litigation, Plaintiff must pay any outstanding fees. *Id.*

Furthermore, the Prison Litigation Reform Act requires district courts to screen a complaint "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C.A. § 1915A. The Seventh Circuit has cautioned district courts to screen prisoner complaints, "to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *McNutt v. Savagain*, 715 F. App'x 573, 574 (7th Cir. 2018) (*quoting Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). "Because [Ayoubi] is a prisoner as defined in 28 U.S.C. § 1915A(c) and the Defendants from whom he seeks redress are a government entity and employees of a government entity," the Court was required to screen his complaint "pursuant to 28 U.S.C. § 1915A, even though he originally filed it in state court and the case was removed to this Court…." *Norman v. Elkhart Police Dep't*, No. 3:10-CV-168-TLS, 2010 WL 1996604, at *1 (N.D. Ind. May 17, 2010).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time" if the complaint is legally frivolous and/or malicious. 28 U.S.C. 1915(e)(2)(B).

Plaintiff's removal of this dismissed case from state court also constitutes malicious and frivolous litigation. Plaintiff is an experienced litigator having filed at least 18 federal lawsuits in the Northern and Southern District Courts of Illinois. Plaintiff's removal is clearly improper under the removal statute. The right to remove a case from state court to federal court is vested exclusively with the defendant. 28 U.S.C. § 1441 ("any civil action brought in a State court . . . may be removed by the defendant or the defendants. . . ."); *Archdiocese of Milwaukee v. Underwriters at Lloyd's, London*, 955 F. Supp. 1066, 1069 (E.D. Wis. 1997) ("The defendants' right to remove a case is their right alone."); *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988) ("The right to remove a state court case to federal court is clearly limited to defendants.").

In addition, Plaintiff knows that his case was dismissed with prejudice in the state court but still attempts to bring the same lawsuit in this Court. Any disagreement with the state court's ruling must be addressed with that court or through an appeal in the state court. Such blatant disregard to the statute and the status of the case constitutes malicious and frivolous litigation. *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011) ("An inference of 'malice' (an independent ground for calling a strike)" can be drawn if repeated filing of doomed complaints suggest that a prisoner "intended to harass"); *Scott v. Orr*, No. 16-CV-4274, 2017 WL 1227912, at *3 (C.D. Ill. Apr. 3, 2017) (holding that repetitive lawsuits are malicious if they are meant to harass or are abusive of the judicial process) (citing *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003)).

Final judgment will be entered. If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). Because Plaintiff has struck out, and this case does not involve imminent danger of serious physical injury, the full $505.00 appellate filing fee must accompany any notice of appeal.

Date: 2/6/2019 /s/ Thomas M. Durkin